## DONOHUE *v.* LAKE SHORE & M. S. RY. CO.

*(Superior Court of Buffalo, General Term.* August 3, 1892.)

CONTRIBUTORY NEGLIGENCE—EVIDENCE—ACCIDENT AT RAILROAD CROSSING.

In an action for the death of plaintiff's husband, who was run over by an engine while attempting to cross defendant's track, where there is such lack of evidence as to the surroundings and the conditions under which deceased attempted to cross the track that it is impossible to say that he was free from negligence, a judgment for plaintiff will be reversed.

Appeal from trial term.

Action by Margaret Donohue, as administratrix, against the Lake Shore & Michigan Southern Railway Company for the death of plaintiff's husband. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before TITUS, C. J., and WHITE, J.

*McMillan, Gluck, Pooley & Depew,* for appellant. *George W. Cothran,* for respondent.

TITUS, C. J. I am wholly at a loss to see how this judgment can be sustained. John F. Donohue, the husband of the plaintiff, was killed in attempting to cross the tracks of the defendant at Hamburg street, in this city. It appears that the deceased was passing down south on the east side of Hamburg street. As he approached the crossing the gates were lowered, and it is claimed a passenger train was coming in towards the depot from the west. After the train had passed, the deceased stepped forward, looking towards the depot,—the direction in which the train is claimed to have gone,—and then turned and looked in the opposite direction, and an engine backing down struck him. The passenger train was going very fast, and made considerable noise, blowing off steam, and ringing the bell. The witnesses for the plaintiff did not hear the bell rung or whistle sounded on the engine which struck the deceased. The gates did not extend across the sidewalk, but remained down across the street until after the accident. There is slight evidence that there was something to obstruct the view from the east sidewalk in the direction from which the engine came, but from the flag shanty, which stood near the sidewalk, for a distance of six feet, the deceased had an unobstructed view of the track, and could have seen the engine coming if he had looked in that direction, before stepping upon the track; and when he was within five feet of the track he could have seen all the way up the track on which this engine approached. It does not appear from the evidence on which track the accident occurred, or which way the track curved, if at all, before it crossed the street; nor does it appear, in fact, on which track the passenger train or engine was, or which way the engine was backing, unless in some way we can draw the inference from the testimony of the witness Mary Kilbers. There is such a lack of evidence showing the surroundings and the conditions under which the deceased attempted to cross the track that it is impossible to say that he was free from negligence. No map of the locality is submitted, nor any fact from which it can be determined what track the train or engine was on, or which track the witnesses refer to in their testimony. The plaintiff's counsel is obliged to assume facts in his brief which are not shown by evidence in the case, and I think the court would be obliged to rely upon probabilities not warranted by the testimony to say that the plaintiff was free from contributory negligence. There must be some proof of the surroundings and the facts before the jury can determine the plaintiff free from negligence, and as the case now stands the court must determine as matter of law that the plaintiff has not shown the deceased free from negligence. I think the judgment and the order should be reversed, and a new trial granted, with costs to abide the event of the action.